**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| DUTEL S.A.S. | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO: 15-CV-6988 |
| | : | |
| ALICE + OLIVIA, LLC; | : | |
| EMINENT, INC. d/b/a | : | |
| REVOLVE CLOTHING; and | : | |
| NET-A-PORTER GROUP, LLC | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>COMPLAINT</u>

Plaintiff Dutel S.A.S. ("Dutel" or "Plaintiff") brings this Complaint for Copyright Infringement and in support thereof asserts as follows:

### THE PARTIES

1.     Plaintiff Dutel S.A.S. is a corporation organized under the laws of France with a principal place of business at 409 Rue des Mercieres, Rillieux La Pape, 69140, France.

2.     Upon information and belief, Defendant Alice + Olivia, LLC (Alice + Olivia") is a limited liability company formed under the laws of the State of New York with a principal place of business located at 450 West 14th Street, New York, NY 10014.

3.     Upon information and belief, Defendant Eminent, Inc. d/b/a Revolve Clothing ("Revolve") is a corporation organized under the laws of the State of Delaware with a principal place of business located at 16800 Edwards Road, Cerritos, CA 90703.

4.      Upon information and belief,  Net-a-Porter Group LLC ("Net-a-Porter") is a limited liability corporation organized under the laws of the State of New York with a principal place of business located at 100 Fifth Avenue, New York, NY 10011.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1338(a).

6.      This Court has general personal jurisdiction over Defendants as Alice + Olivia and Net-a-Porter are citizens of the State of New York.  The Court also has specific jurisdiction over all Defendants because the subject matter of this Complaint arises from each Defendant's contacts with the State of New York.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## BACKGROUND

8.      Pursuant to the Berne Convention Implementation Act of 1988, of which the United States of America became a member on March 1, 1989, the United States became a signatory to the Berne Convention for the Protection of Literary and Artistic Works.  By virtue of its status as a signatory, the United States agreed to give effect under its Copyright Act, and any other relevant provision of federal or state law, including the common law, to the copyright rights of citizens of other signatory countries.  In brief, the Berne Convention requires its signatories to recognize the copyright works of authors from other signatory countries, known as members of the Berne Union, in the same way as it recognizes the copyright of its own citizens.

9.      France became a signatory to the Berne Convention, and thus a member of the Berne Union, on December 5, 1887.

10.     This action arises out of Dutel's copyright in a certain fabric design, which was created by Dutel in France and protected under French copyright.  Consequently, the design is entitled to protection under the United States Copyright Act by virtue of the Berne Convention.

11.     Defendants, in violation of Plaintiff's exclusive rights under the Copyright Act, have reproduced, prepared derivative works, distributed to the public by way of sale or other transfer of ownership products which are identical, or at least substantially similar, to Plaintiff's copyrighted work, for which Plaintiff seeks relief from this Court.

<u>Dutel's No. 557912 Design</u>

12.     Dutel is a well-known creator, designer, and manufacturer of textile products sold throughout the world.

13.     One of Dutel's more successful patterns is No. 557912 (the "557912 Design"), which is an original fabric created by Dutel's internal Creation Department on or about October 24, 2012 and which is depicted below:



14.     Dutel has sold fabric bearing the 557912 Design since January 29, 2013 to customers throughout the world including France, the United Kingdom, and the United States.

15.     In or about March of 2013, Defendant Alice + Olivia purchased an approximately ten yard sample of the 557912 Design from Dutel.

16.     Alice + Olivia's purchase did not include a license or any other authorization for reproduction or copying of the 557912 Design.

<u>Defendants' Willful Infringement of the 557912 Design</u>

17.     Without license, and in violation of the Copyright Act, Defendant Alice + Olivia has advertised, promoted, and sold fabrics, in the United States and elsewhere in the world, with a pattern that is identical to, or at the very least substantially similar to, the 557912 Design ("Infringing Design").

18.     Alice + Olivia copied the 557912 Design without Dutel's authorization. The Infringing Design is substantially similar, indeed it appears identical, to the 557912 Design.

19.     Alice + Olivia sold the Infringing Design will full knowledge that it was unlawfully reproducing an original design owned by Dutel without permission for same.

20.     Upon information and belief, Alice + Olivia advertised, promoted, and sold fabric bearing the Infringing Design to Defendant Revolve.

21.     Upon information and belief, Revolve then advertised, promoted, and re-sold the fabric bearing the Infringing Design through its retail establishments, including, but not limited to, its temporary "pop-up" locations.

22.     Upon information and belief, Revolve also advertised the Infringing Design for sale on its website as reflected in the representative example below:



23.     Upon information and belief, Alice + Olivia also advertised, promoted and sold fabric bearing the Infringing Design to Defendant Net-a-Porter.

24.     Upon information and belief, Net-a-Porter then advertised, promoted, and re-sold fabric bearing the Infringing Design through its retail establishments, including, but not limited to, its temporary "pop-up" locations.

25.     Upon information and belief, Net-a-Porter also advertised the Infringing Design for sale on its website as reflected in the representative example below:



## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

26.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 25 as though fully set forth herein.

27.     Defendants, without the permission or consent of Plaintiff, and without authority, have produced, sold, and offered for sale products with textile designs that are identical, or at least substantially similar to, Dutel's 557912 Design through their websites, retail stores, and other media.

28.     Defendants, without the permission or consent of Plaintiff, and without authority, have also copied and displayed their infringing products in advertisements, which constitute separate acts of infringement.

29.     Defendant Alice + Olivia also induced the copyright infringement of others including, but not limited to, Defendants Revolve and Net-a-Porter.

30.     Defendants' acts of infringement are and have been willful, intentional, and purposeful, and in disregard of and indifferent to the known rights of Plaintiff.

31.     As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights in and to the 557912 Design, Plaintiff is entitled to its actual damages plus each of Defendants' profits from infringement pursuant to 17 U.S.C. §504(b) in an amount to be determined at trial.

32.     Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by monetary damages and for which Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §502, Plaintiff is entitled to a permanent injunction barring the advertisement, production, manufacture, and sale by Defendants of any products infringing upon Dutel's 557912 Design.

WHEREFORE, Plaintiff Dutel S.A.S. respectfully requests that the Court enter Judgment in its favor and against Defendants as follows:

A.      An Order required Defendants to deliver up to be impounded and thereafter destroying any products bearing designs which infringe Plaintiff's 557912 Design;

B.      A permanent injunction requiring that Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, cease directly or indirectly infringing or causes, enabling, facilitating, encouraging, promoting and inducing or participating in the infringement of Plaintiff's 557912 Design;

C.      An award of Plaintiff's actual damages in an amount to be proved at trial;

D.      An award of Defendant's profits from the sale of any product found to be infringing Dutel's 557912 Design in an amount to be proved at trial; and

E.      Any and all further relief that the Court deems just and proper.



_____
Chris Howard
PEPPER HAMILTON LLP
620 Eighth Avenue
New York, NY 10018
T:  212.808.2700
F:  212.286.9806
howardc@pepperlaw.com
*Attorney for Plaintiff Dutel S.A.S.*

OF COUNSEL:
Vincent V. Carissimi*
Noah S. Robbins*
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
* *Pro hac vice* applications to be filed

Dated:  September 3, 2015